# Hallett Manufacturing Company *v.* Curjel & Co.

## *Assumpsit.*

(Decided January 21, 1915.　67 South. 995.)

1. *Sales; Contract; Delivery.*—Where plaintiffs agreed to sell and defendants agreed to buy 2,500 logs to be delivered in three equal installments between November 1, 1913, and April 1, 1914, and the contract provided that defendants shall give four weeks notice of the time each delivery is to be made, but must call for and accept the first delivery by January 1, 1914, the defendants, on December 26, 1913, having notified plaintiffs that they did not want any of the logs, it was preparing to deliver as the first installment, plaintiff could make delivery thereof any time before April 1, 1914, and although they demanded delivery thereof to be made within four weeks from December 29, 1913, plaintiffs were not in default in tendering delivery on February 2, 1914.

2. *Same.*—Where the contract provided for delivery f. a. s. Mobile, and provided that if at any time when plaintiff is authorized to make a delivery of the logs there should be no vessel in port ready to receive them, that the logs shall thereafter be held and handled entirely at the expense of defendant, who must accept and pay for them as though delivery had been made f. a. s. at Mobile, such provisions was intended entirely for defendant's protection, hence, plaintiffs were not required to tender the logs to defendant, but could hold them till the steamer was ready, the steamer to which defendants directed plaintiffs to make delivery not being ready at the stated time to receive the logs.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Hallett Manufacturing Company against H. Curjel & Co., as a partnership and individuals, for breach of contract to purchase logs. Judgment for defendant on demurrers to the complaint, and plaintiff appeals. Reversed, rendered, and remanded.

The second count is as follows: "Plaintiff claims of defendant $5,000 for the breach of an agreement entered into by them on April 22, 1913, in substance as follows: 'The said Hallett Manufacturing Company agrees to sell and said H. Curjel & Co. agrees to purchase 2,500 hickory logs ranging in diameter from 8 to 14 inches, but averaging not more than 12 inches in diameter, at the price of $42.50 per thousand superficial feet, and to be delivered and paid for as follows: The said logs shall be delivered f. a. s. Mobile, Ala., in three shipments of approximately 833 logs each, between November 1, 1913, and April 1, 1914. The said Curjel & Co. shall give four weeks written notice of the time that each delivery is to be made, but must call for and accept the delivery of at least one-third of said logs by January 1, 1914. The said Hallett Manufacturing Company shall be entitled to four weeks time after the making of each delivery before it can be compelled to make the next delivery. Should the said Curjel Company not give notice requiring the delivery of all of said logs by April 1, 1914, the said Hallett Manufacturing Company shall have the right to deliver the same at any time within three days before or after April 1, 1914, and the said Curjel & Co. must accept said delivery although they may not have requested the same. If at any time that the said Hallett Manufacturing Company is authorized to make a delivery under

this contract of any of said 2,500 logs there is no vessel in port ready to receive the same, the said logs shall thereafter be held and handled entirely at the expense of the said H. Curjel & Co., who must accept and pay for the same in all respects as though delivery had been made f. a. s. at Mobile. Each and every delivery of logs made pursuant to the terms thereof shall be paid for in cash as soon as the delivery is made.' To which said agreement there was subsequently added, on the 2d day of June, 1913, the further provision that the said logs should measure 10 feet and upwards in length. And plaintiff says that on, to wit, December 26, 1913, it notified defendants that it then had up the rivers tributary to Mobile the logs necessary to make a delivery under the aforesaid contract, and was about to send boats and barges therefor, and defendants then advised plaintiff, in substance, that they would not want any of the logs which plaintiff was so preparing to bring down, but three days thereafter, and on, to wit, December 29, 1913, defendant made written demand upon plaintiff for the delivery, within not more than four weeks, of the first installment of logs under said contract. In the meantime, plaintiff, relying upon the aforesaid previous statement of defendants, had so made its arrangements for the bringing down of the said logs that they probably would not reach Mobile within four weeks, but notwithstanding the same, plaintiff hurried the bringing down of the said logs to Mobile, and on or about February 2, 1914, had them ready for delivery at Mobile, and then offered to deliver to defendants 833 logs of the kind, quality, and sizes called for by said contract, and defendants offered to accept them if plaintiff would deliver them on credit, but plaintiff declined to extend such credit to defendants, and they refused to accept or pay for said logs,

although defendants only use for said logs was to export them and there had been available no means or opportunity for shipping them at any time between January 25, and February 2, 1914. And plaintiff avers that by so refusing to accept and pay for said logs, defendants breached the said contract.

"Plaintiff further avers that by letter dated January 24, 1914, defendants asked for a delivery on February 23, 1914, of the second installment of 833 of the logs covered by the contract, and for delivery on March 23, 1914, of the third installment of similar quantity of said logs, and by letter of February 18, 1914, requested that the said February delivery be made to the steamship Asian, to which plaintiff agreed. Plaintiff then had the logs necessary for such delivery on wharves and barges at Mobile, and was and continued ready, willing, and able to make said delivery, and notified defendants that the delivery would be made as soon as the said steamship was willing to receive the same. The said steamship was then engaged in loading at Mobile a general cargo, and plaintiff kept in touch with the agent of said steamship who was in control of such loading, and found that said steamship would be ready for and would receive such delivery on, but not before, February 17, 1914, and plaintiff was able, ready, and willing to then and there make such delivery. However, on February 26, 1914, defendant notified plaintiff in writing that they considered the contract breached by the plaintiff's failure to make said delivery, and expected to hold it liable for any damage which defendants might suffer thereby, and thereupon defendants refused to receive and pay for any logs under the said contract, the defendants taking the position that plaintiff had breached the contract, and that defendants were not longer liable thereunder. And plaintiff

alleges that by reason of the aforesaid breaches it has been greatly damaged, wherefore it sues and claims of defendants the aforesaid sum of $5,000."

The demurrers to the second count raise the questions discussed in the opinion. The demurrers which are directed to the entire count are on the ground that the complaint shows on its face that plaintiff company did not comply with its own contractual obligations in tendering to defendant the several installments of logs.

STEVENS, McCORVEY & DEAN, for appellant.

CLARKE, BROWN & HOWARD, for appellee.

SOMERVILLE, J.—Conceding, without deciding, that, with respect to the delivery of the several installments of logs, the date of such deliveries being fixed by the reasonable demands of the defendants, time was of the essence of the contract, yet we think it is perfectly clear that neither of the assignments of breach, as set out in the complaint, was subject to the demurrer.

(1) As to the first installment, it was the duty of the defendants to call for and accept a delivery to be made not later than January 1st, and the call should have been made not later than December 4th. The complaint alleges that the defendants notified the plaintiff as late as December 26th that they did want any of the logs which the plaintiff was then preparing to deliver as a first installlment in compliance with the contract. This being true, the plaintiff was, as to this installment, relieved of the primary obligation to deliver in accordance with the demand of the defendant; and thereafter the plaintiff was authorized to make the delivery under the general provision of the contract at

any time "between the 1st day of November, 1913, and the 1st day of April, 1914." We hold that the defendants having breached their own obligation in the premises could not, by their demand made on December 26th, impose upon the plaintiff the duty of delivering this installment within four weeks of that date and, further, that the tender of this installment on February 2nd was a compliance by the plaintiff with the obligation then resting upon it, as modified by the prior default of the defendants.

(2) As to the tender of the second installment, the demurrer makes the point that, the designated transport not being ready on the exact date to receive and load the logs, it was the duty of the plaintiff to tender the logs to the defendants themselves. It is obvious, however, that the provision that, if there were no vessel in port ready to receive any installment, "the said logs shall thereafter be held and handled entirely at the expense of the said H. Curjel & Co., who must accept and pay for the same in all respects as though delivery had been made f. a. s. at Mobile," was intended for the protection of the plaintiff alone; and we hold that the allegations of the complaint show a full compliance by the plaintiff with his obligations under the contract. We think, moreover, that even had the designated steamer been ready to receive the logs on February 23rd, a delivery to the steamer on February 27th would, under all the circumstances, have constituted prima facie a substantial compliance with the contract.

The judgment of the trial court will be reversed, and a judgment will be here rendered overruling the demurrer to the complaint.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.